HOLCOMB et al. v. SCHUTTE & KOERTING CO.

(Circuit Court of Appeals, First Circuit. June 3, 1909.)

No. 816.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—CHECK VALVE.

The Schutte patent No. 524,048, for a check valve, having a supplementary mechanism on the delivery side to cause the valve to close slowly and prevent hammering, was not anticipated, and discloses invention. Also *held* infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the District of Massachusetts.

James L. Gilingham, for appellants.

Francis T. Chambers (John E. Hubbell, on the brief), for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

COLT, Circuit Judge. This suit was brought for infringement of letters patent No. 524,048, granted to Louis Schutte, August 7, 1894, for improvements in check valves. The Circuit Court held the patent valid, and that the defendants' valve infringed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The Schutte invention relates simply to the closing movement of the valve, where there is a back pressure or flow of steam, and its purpose is to overcome the tendency of the valve to hammer under these conditions, by causing it to close slowly. This result is accomplished by the addition of supplementary mechanism on the delivery side of the valve, comprising a cylinder, piston, and a passage or passages through the piston. By these means the immediate action of the increased delivery pressure upon the valve is prevented, and the valve closes with a comparatively slow movement.

In stating the object of the Schutte invention, the specification says:

"My invention relates to check valves, and has for its object to overcome the tendency of such valves to hammer in cases where the fluid passing through them has a pulsating flow, such, for instance, as has the steam when passing from a boiler to an engine, particularly where the engine works with a cut-off, or a pump working with air vessels of insufficient capacity."

The invention is shown in Fig. 1 of the drawings:

In this drawing, A represents the receiving or supply side of the valve, and A' the discharge or delivery side; C represents the valve, and B the valve seat; E represents the cylinder, and J the piston which works in the cylinder and is attached to the valve; J' represents the restricted orifice or passage leading from the cylinder to the delivery side of the valve. The fit between the piston and cylinder is loose, to permit a free movement, and also because a leak in the joint is rather advantageous than detrimental. For the purposes of this case it is unnecessary to refer to the other parts.

Only the first claim is in issue:

"(1) The combination of a main conduit, a check valve situated therein, a cylinder and piston, the moving member of which is attached to the check valve and is exposed externally to the pressure in the conduit on the delivery side of the check valve, a passage or passages leading from the inside of the cylinder to the main conduit also on the delivery side of the check valve."

This claim includes as elements the cylinder, the movable piston attached to the valve, and the passage leading from the inside of the cylinder to the delivery side of the valve. The essence of the invention covered by this claim resides largely in the passage leading from the cylinder to the delivery chamber, which prevents any momentary increase of pressure on the delivery side from closing the valve immediately and suddenly.

In a check valve, when the valve is open, the pressure of steam on the supply side is greater than that on the delivery side. If now, for any reason, the pressure on both sides of the valve becomes equal, or the pressure on the delivery side become greater than on the supply side, the valve will close quickly, with a tendency to hammer. The Schutte valve is so organized that the closing movement of the valve will be governed by the pressure in the cylinder on the upper side of the piston, and any momentary increase of pressure in the delivery chamber will not immediately act on the valve, but such pressure must pass from the delivery chamber through the narrow orifice into the cylinder and above the piston before it becomes effective in closing the valve. By this arrangement Schutte causes the valve to close slowly, and thus overcomes the tendency of the valve to hammer. The Schutte invention has proved to be practical, and it has continued in commercial use since the time the patent was issued.

In the prior art the nearest approach to the Schutte invention is the Eynon patent, No. 515,578, dated February 27, 1894. While the Eynon patent shows a cylinder, which is called a "dash pot," a piston, and a passage leading from the delivery side into the cylinder, the construction and arrangement of the parts and their mode of operation are essentially different from the Schutte valve.

The Eynon patent says:

"It will be seen that steam from the chamber, B', enters the stem, D, through the port, G, and escapes therefrom through the port, H, into the dash pot below the piston, F, by which provision the valve, C, may be lifted from its seat and is held balanced, and owing to the steam that may remain in the dash pot below the piston, acting as a cushion, the valve, C, when

lowering, is prevented from forcibly striking its seat, it being noticed that the steam in the dash pot returns through the ports, H, passage, D, and port, G, into the chamber, B'."

In the Eynon organization the steam from the supply side of the valve enters the cylinder on the under side of the piston through ports in the valve stem, and it is the cushioning of this steam on the under side of the piston which prevents the sudden closing of the valve. No such arrangement or mode of operation is found in the Schutte patent.

On the question of infringement we have no doubt. The defendants' valve is shown in the Collins patent, No. 688,830. While this valve differs in the form of the piston, and in the relative size of the cylinder and piston, it embodies substantially the same structural features, and its mode of operation is substantially the same, as the Schutte valve. The defendants' valve has on its delivery side a cylinder and a piston of the plunger form, which is connected with the valve, and which works in the open end of the cylinder. It has also a small passage leading from the inside of the cylinder to the delivery chamber, which admits of a relatively slow flow of steam, with the result that the pressure in the cylinder will not respond immediately to any increase of pressure on the delivery side, but only gradually, and hence the valve will close slowly. It is manifest, therefore, that the defendants' valve contains the invention shown and described in claim 1 of the Schutte patent in suit.

The decree of the Circuit Court is affirmed, and the appellee recovers its costs of appeal.